IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

V.   Case No. 2:21-CR-046-Z

GILBERT CARRASCO,
    DEFENDANT

### DEFENDANT'S TRIAL BRIEF

DEFENDANT, GILBERT JOSEPH CARRASCO ("CARRASCO") is charged with: (1) Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Count One); (2) Possession with Intent to Distribute Methamphetamine (Count Two); and (3) Convicted Felon in Possession of a Firearm (Count Three). CARRASCO anticipates the testimony of the following witnesses in the following order:

1. Cesar Huerta
2. Eric Skaggs
3. Bryan Bacon
4. Denise Williams
5. Matt Clay
6. Edward Thomas Carroll IV
7. Bailee Yates
8. Randy Mincher
9. Gilbert Joseph Carrasco (defendant)

CARRASCO anticipates the Government will attempt to prove the charges in the three-count indictment beyond a reasonable doubt as discussed below. CARRASCO has pled not guilty and therefore disputes the allegations made in the Government's Indictment.

**1. Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine – Count One.**

CARRASCO anticipates Amarillo Police Department (APD) Detective Cesar Huerta will testify that he worked in an undercover capacity on or about April 28, 2020 in the city of Amarillo. In that capacity, Detective Huerta attempted to purchase methamphetamine from Catrina Palmer. The purchase was arranged and the meeting place was set. Detective Huerta and surveillance teams observed Palmer leave her residence. A Chevrolet pickup truck backed out of the neighboring property and pulled in front of Palmer's residence. Detective Huerta observed Palmer get into the passenger side of the pickup truck. Huerta was familiar with the neighboring property and pickup truck as belonging to Gilbert Joseph Carrasco, the defendant. Palmer had outstanding and active warrants for her arrest. Huerta communicated to the surveillance team his observations. CARRASCO had no knowledge, nor participated in these events and asserts that any interaction between Palmer and Huerta had nothing to do with CARRASCO. CARRASCO asserts he is innocent of any conspiracy charge based on the events testified to by this witness.

APD Officer Eric Skaggs will testify that he was on that surveillance team. He viewed the Chevrolet pickup truck arrive at a different residential address. Palmer exited the vehicle. Officer Skaggs approached Palmer and arrested her on her outstanding warrant. Palmer stated that she had drugs in her purse, later discovered to be 3.3 grams of methamphetamine. Denise Williams, a chemist with the Drug Enforcement Agency (DEA) will testify that the mixture and substance was methamphetamine hydrochloride, a Schedule II controlled substance. Officer Skaggs will testify

that Carrasco was the driver of the truck. Officer Skaggs will testify that Carrasco consented to search of his truck and Officer Skaggs searched the truck. CARRASCO had no knowledge, nor participated in these events and asserts that any interaction between Palmer and law enforcement had nothing to do with CARRASCO. CARRASCO asserts he is innocent of any conspiracy charge based on the events testified to by this witness. CARRASCO asserts that any illegal substances found on Palmer were not in his possession or subject to his control. Consequently, the substance tested by Denise Williams should be attributable to Palmer alone. CARRASCO'S mere association with PALMER i.e. her being in a truck being driven by Palmer should not be used as evidence of his guilt in a drug conspiracy. Should the Government illicit said testimony CARRASCO recommends the Court should instruct the jury at the time this testimony is offered that mere association between parties is not evidence of CARRASCO's guilt. *U.S. v. Oscampo-Vergra*, 857 F. 3d. 303, 307 (5th Cir. 2017).

APD Corporal Bryan Bacon will testify that he arrived on the scene with Officer Skaggs to assist with the investigation. Corporal Bacon conducted an interview of Palmer. As a result of that interview, Corporal Bacon was led to believe that additional methamphetamine was in Carrasco's Chevrolet pickup truck. CARRASCO asserts that contents of any conversations between Palmer and Corporal Bacon would be inadmissible hearsay. CARRASCO recommends any hearsay testimony be disallowed. Fed R. Evid. 802.

Corporal Bacon located 27.60 grams of actual methamphetamine in a cigarette box stashed in a hidden compartment on the driver's side dashboard. The methamphetamine was separated into individual baggies, consistent with distribution. Carrasco was transported to the APD station to be interviewed. Denise Williams, DEA chemist, will testify that the mixture and substance contained

27.6 grams of actual methamphetamine hydrochloride, a Schedule II controlled substance. CARRASCO denies he is the individual who placed the methamphetamine in the truck.

APD Officer Randy Mincher will provide the jury with background information about methamphetamine. He will give an overview of methamphetamine's appearance, its effects on the user, and typical quantities that a methamphetamine user would consume and possess. He will also testify about the street value of various quantities of methamphetamine. He will testify that the quantity of methamphetamine discovered in defendant's possession is consistent with distribution, not someone's personal use. See United States v. Potts, No. Crim. A. 00-060, 2000 WL 943219, at *4 (E.D. La. July 7, 2000) ("Indeed, courts have consistently held that DEA agents and police officers may testify as experts regarding the purity, weight and prices of drugs used for personal consumption versus distribution because such testimony concerns specialized knowledge about drug trafficking, an area with which most jurors are unfamiliar."). CARRASCO objects to this testimony and as to relevance in this particular case as there is no evidence that any specific individual used methamphetamines which resulted in any behaviors related to methamphetamine. Fed R. Evid. 401, 402.

CARRASO objects pursuant to Fed R. Evid 403 as the probative value of this testimony is outweighed by the prejudicial effect on the jury. The above-described testimony is being used by the Government to inflame the jury and prejudice CARRASCO. *U.S. v. Jones*, 930 F. 3d 366, 373 (5th Cir. 2019). CARRASCO recommends the Court rule this evidence is inadmissible.

Officer Mincher will testify as to the interview of Carrasco on April 28, 2020. Carrasco waived his Miranda rights and agreed to answer Officer Mincher's questions. Carrasco admitted that he and Palmer were delivering methamphetamine at the time of his arrest. He admitted to selling large amounts of methamphetamine. Officer Mincher will lay the foundation and

authenticate approximately 10 audio clip recordings from his interview with Carrasco. In the audio clips, Carrasco makes admissions of guilt that the methamphetamine agents discovered in the cigarette box was in his possession and he and Palmer intended to distribute it. Further, Officer Mincher will testify that Carrasco consented to a search of Carrasco's cellular phone. Officer Mincher will testify that he conducted a forensic download of Carrasco's cellular telephone. Carrasco discovered numerous messages indicating that Carrasco was engaged in selling narcotics. Officer Mincher will lay the foundation and authenticate approximately 8 series of text messages. CARRASCO objects to the aforementioned testimony unless the Government establishes a proper foundation and predicate pursuant to the Fed. R. Evidence.

### 2. Possession with Intent to Distribute Methamphetamine – Count Two.

CARRASCO believes the Government will present all of the above evidence in an attempt to prove Count Two. CARRASCO refers to the prior objections and recommendations to the Court. CARRASCO objects to the aforementioned testimony unless the Government establishes a proper foundation and predicate pursuant to the Fed. R. Evidence.

### 3. Convicted Felon in Possession of a Firearm – Count Three.

Officer Randy Mincher will further testify as to the interview of Carrasco. During the interview, Carrasco told investigators that he possessed a bolt-action .22 rifle at his workshop, a location that also doubled as his residence. Officer Mincher will lay the foundation and authenticate audio clips from the interview of Carrasco discussing the rifle. Carrasco consented to the search of his workshop and residence. CARRASCO objects to the aforementioned testimony unless the Government establishes a proper foundation and predicate pursuant to the Fed. R. Evidence.

APD Officers Bryan Bacon will testify that he assisted with the search of Carrasco's workshop and residence. During the search, Officer Bacon located a Savage, model Mark II, .22 caliber long rifle, serial number 0384206, in Carrasco's workshop. Officer Bacon will also testify about other items that were located in the shop including scales and ammunition. CARRASCO objects to the aforementioned testimony unless the Government establishes a proper foundation and predicate pursuant to the Fed. R. Evidence.

Special Agent Bailee Yates is an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. She will testify that the rifle possessed by Carrasco was manufactured outside of the state of Texas and, therefore, traveled in or affected interstate commerce. Additionally, Special Agent Yates will testify that the rifle meets the federal definition of "firearm" under 18 U.S.C. § 921(a)(3).

In accordance with Old Chief v. United States, 519 U.S. 172 (1997), the Government has offered to Carrasco to stipulate that before April 28, 2020, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and that he knew he had been convicted of a felony offense. If Carrasco elects to so stipulate, this stipulation will be admitted into evidence as a Government Exhibit 66.

If Carrasco elects not to stipulate, United States Marshal Matt Clay will testify to Government's Exhibit 4, the defendant's fingerprint card. APD Officer Edward Carroll will testify to Carrasco's multiple prior felony convictions. As a fingerprint expert, Carroll will testify that the fingerprint placed on the felony judgements, Government's Exhibits 1-3, match the fingerprint on the defendant's fingerprint card in Government's Exhibit 4.

At the conclusion of the trial, CARRASCO will request the jury to acquit of all charges.

Respectfully submitted,

BARFIELD LAW FIRM PC
PO BOX 308
Amarillo, TX 79105
Tel: (806) 468-9500
Fax: (806) 372-6181
barfieldlawfirm@gmail.com

By:_____
W. Brooks Barfield, JR.
State Bar No. 00783597
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the Defendant Gilbert Carrasco's Trial Brief to Joshua Frausto, Assistant United States Attorney on the 11th day of August, 2022.

_____
W. Brooks Barfield, Jr.